THE PIONEER.[1]

(*District Court, S. D. Georgia.* June 7, 1884.)

1. SEAMAN'S WAGES.
   Where suit has been commenced by a seaman for wages in a state court against the owner, but it has been dismissed before hearing, an admiralty court may entertain jurisdiction upon the same subject-matter.
2. SAME—COURT MAY DECREE WAGES, WHEN.
   A court of admiralty may decree seaman's wages, although earned on a steamer of less than five tons, engaged in carrying freight and passengers upon navigable waters.

In Admiralty.

*Geo. A. Mercer* and *M. A. O. Bryne,* for libelant.

*J. J. Abrams,* for claimant.

LOCKE, J. This is a libel for seaman's wages, the libelant having been engineer on the steam-boat Pioneer. It is not denied that the amount sued for is due, but it appears that (1) the libelant had commenced an action against the owner of the boat under the lien law of the state, but subsequently came before the commissioner in a petition for seaman's wages, and upon obtaining a certificate of probable cause for action had dismissed the former suit at his costs; and (2) that the vessel upon which the services were rendered was a small steam-yacht or launch of less than five tons measurement, and neither enrolled nor licensed; both of which grounds are urged to defeat the jurisdiction of this court.

[1] Reported by W. B. Hill, Esq., of the Macon bar.

The steamer was inspected and licensed to ply for a distance of a hundred miles on the bays, sounds, rivers, and waters along the coast of Georgia, and to carry not exceeding 20 passengers, and had been engaged in carrying freight and passengers between Darien and Hammersmith landing, about eight miles, and out to Sapello High Point. The residence of the libelant is not shown, nor does there appear to have been any privity of interest, relationship, or acquaintance between him and the owner; but it is testified that when he was employed it was remarked that Mulligan, the then owner, "was good for his wages; if not, the boat was."

It is claimed that, having elected his forum, the libelant is estopped from abandoning it and bringing suit in another, and *The Highlander,* 1 Spr. 510, is relied upon. The decision there is that "a seaman's lien for wages is not defeated by a previous attachment of the vessel at common law in a state court, abandoned before the filing of the libel." Certainly that in no way declares that it would have been lost had not such suit been abandoned before the filing of the libel, but had been before the hearing of the case. The court was then only considering the case before it, and its decision cannot go beyond the state of facts therein existing. In this case the former suit was against the owner, and not *in rem,* nor was the property, at the filing of the libel, under attachment from another tribunal, which would prevent the valid execution of one under this. The suit in the state court had been dismissed at plaintiff's costs before this case came on to be heard. In the state court the seaman's lien is not the prior lien, without exception, as in the case of seamen's wages in admiralty. The matter has not been adjudicated, nor is there any other action now pending; and that is all that is necessary for this court to consider, if it has jurisdiction otherwise. This was a contract for services to be performed by assisting in the navigation and working of a boat or vessel on navigable waters by a person who appears in the case to be a marine engineer, and if the court has no jurisdiction it must be from facts sufficient to establish an exception to the general rule.

In regard to the size and character of the boat, and character of the services rendered by libelant, *The Bolivar,* Olcott, 474, and *The Farmer,* Gilpin, 524, have been cited and relied upon. In *The Bolivar,* the principal ground for dismissing the libel was that the lien had been lost by unreasonable delay until it became stale, and the character of the vessel, and the relations existing between the owner and libelant, were but incidentally mentioned, and not as controlling or determining the action of the court. In *The Farmer,* the small craft was engaged in carrying wood across the Delaware river to Philadelphia, from a place nearly opposite, and the opinion of the learned judge shows that he considered the objection to the jurisdiction on account of the general business and occupation of the libelants as laborers, they being engaged in navigating the boat but about eight hours a week, and because applications from the same

class of persons, whom he did not consider seafaring men, had become, as he plainly declares, annoyingly frequent. In this case the character and occupation of the libelant was that of an engineer of a steam-boat, engaged in transporting freight and passengers on water within the ebb and flow of the tide, in a small way, it may be true, but, nevertheless, sufficient, I think, to determine jurisdiction, and if on account of any local or temporary reason a judge may have declined to entertain jurisdiction, such decision need not be binding in cases where it is considered circumstances so differ that they justify another conclusion. In this case the commissioner, after examination, certified the case to this court. The libelant has, I consider, an action *in rem.* He has dismissed, at his own costs, the suit pending in the local court against the owner. There is no claim that the money is not justly due, and it would certainly be a hardship, not demanded by justice, to dismiss him without redress. Had the case come before me as commissioner originally, I will not say but what I might have referred the libelant to the local court, in which his suit was then pending, if as economical and speedy justice could have been obtained; but courts of admiralty are to give inexpensive and speedy redress to this class of litigants, and for this class of services, and I do not think the smallness of the vessel should protect it from an action *in rem.*

Let the decree follow for the amount proven,—$129.67,—with costs.