## GRAYS LANDING FERRY CO. v. STONE et al.

### No. 4405.

Circuit Court of Appeals, Third Circuit.
Jan. 23, 1931.

E. C. Higbee (of Higbee, Matthews & Lewellyn), of Uniontown, Pa. (Walter C. Montgomery, of Waynesburg, Pa., and Wm. C. Boyd, of Pittsburgh, Pa., of counsel), for appellant.

John Duggan, of Uniontown, Pa., and Scott & Hook, of Waynesburg, Pa., for appellees.

Before BUFFINGTON and WOOLLEY, Circuit Judges, and THOMPSON, District Judge.

BUFFINGTON, Circuit Judge.

This case arises out of the drowning of passengers while being ferried across the Monongahela river. The facts, which are undisputed, are that the Monongahela river is an important navigable stream of West Virginia and Pennsylvania, and its natural navigation is increased by an extensive system of locks and dams operated by the United States. The state of Pennsylvania granted a charter to the Grays Landing Ferry Company authorizing it to maintain a ferry at that place. At times through the year very high stages of water occur, and during them the ferry company, instead of using its large regular ferry flat, employs smaller craft. On the day in question the river was at a high stage, and during the entire day the ferry company used one of its smaller craft which, while it was propelled by two sets of oars, was no mere skiff or rowboat. Its substantial character and its fitness to carry freight and passengers is shown by the fact it was eighteen feet long, had a width of four and a half or five feet, a depth of eighteen inches and a carrying capacity of two tons, and was customarily used to ferry. At the time of the accident it was carrying ten passengers. Due to the high water, this boat had been in use all day ferrying, but at 5:30 in the afternoon the master riverman gave directions to the ferryman who was running the boat to tie it up and not take it out after 6 o'clock on account of the high water. Disregarding these orders, and without the knowledge of the master riverman, the ferryman took out the boat and attempted to take ten passengers across the river. A passenger volunteered to row the second set of oars in addition to the set the ferryman used. On account of the high water, the latter was unable to control the boat, an oar became entangled

with a cable, the passengers began to stand up, the boat upset, and six of them were drowned. Thereafter suits were brought and are now pending in a state court against the ferry company to recover damages. Thereupon the latter presented a petition to the court below praying that its liability be limited to the value of the boat in question by virtue of sections 4283 and 4289 of the Revised Statutes (46 USCA §§ 183, 188), printed in the margin.[1]

After hearing that court dismissed the petition, holding that the ferryboat in question was not covered by the acts in question. Thereupon the ferry company took this appeal.

That the Monongahela is a highway of interstate commerce and constitutes navigable waters of the United States is clear, and that its size and the volume of travel at Grays Landing is such as warrant the chartering by the state of Pennsylvania of a company to ferry passengers and freights and the maintenance of craft to cross the stream at the point is equally clear.

It would therefore seem that suitable craft ferrying across the stream, equally with those plying up and down the stream, constituted, in the words of the statute, "vessels used on * * * rivers or in inland navigation." The ferryboat in question being, at the time of the accident, thus engaged in inland navigation, and the act providing that "all vessels used on * * * rivers or in inland navigation" are covered by the act, we turn to the all-important question involved in the case, namely, Is the ferryboat in question covered by the term "vessel" as used in the act? In determining that question, we find the principle of construction here involved analogous to the question of jurisdiction in The Robert W. Parsons, 191 U. S. 17, 24 S. Ct. 8, 12, 48 L. Ed. 73, where that court said:

"Neither size, form, equipment, nor means of propulsion are determinative factors upon the question of jurisdiction, which regards only the purpose for which the craft was constructed, and the business in which it is engaged."

Seeing then that "neither size, form, equipment nor means of propulsion are determinative factors," but rather "the purpose for which the craft was constructed and the business in which it was engaged," we think it clear that the ferryboat here in question falls within the words "all vessels used on * * * rivers or in inland navigation." This was no mere skiff or rowboat. No one would think of building a skiff or rowboat of such proportions—an eighteen foot length, five foot beam, eighteen inches in depth, and with a carrying capacity of two tons. Neither in size, lightness, nor speed could it fairly be described or used as a skiff or rowboat, and, when we see the boat here involved was regularly used as a ferryboat, and that at times it was in the varying conditions of navigation the only craft used and fitted to carry the freight and passenger business at that point, we are constrained to hold it was a vessel used in inland navigation, and, as such, covered by the act. In so holding we feel that we are in line with many holdings of our federal courts, from which we refer only to The Pioneer (D. C.) 21 F. 426, and The Ella B. (D. C.) 24 F. 508, cited in The Robert W. Parsons, 191 U. S. 30, 24 S. Ct. 8, 48 L. Ed. 73.

It follows, therefore, the court below was in error in dismissing the petition, and the record will be remanded, with directions to reinstate the petition and proceed in due course.

---

[1] "The liability of the owner of any vessel, for any * * * damage * * * done, occasioned, or incurred without the privity, or knowledge of such owner or owners, shall in no case exceed the amount or value of the interest of such owner in such vessel, and her freight then pending." R. S. § 4283.

"The provisions of the six preceding sections, and of sections 175 and 189, shall apply to * * * all vessels used on lakes or rivers or in inland navigation, including canal boats, barges, and lighters." R. S. § 4289.